UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'  JS-6**

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lawrence Freiman | Jonesh Daryanani |
| | Javier Garcia |

**Proceedings:**     DEFENDANT'S MOTION TO REMAND (Dkt. 12, filed April 25, 2016)

## I.    INTRODUCTION

On February 9, 2016, plaintiff Devin Stearns ("plaintiff") filed the instant action in the Los Angeles County Superior Court against defendant Davis Wire Corporation ("defendant" or "Davis Wire").  Dkt. 1, Ex. A (Complaint).  Plaintiff's complaint asserts claims for discrimination in violation of the California Family Rights Act ("CFRA"), California Government Code §§ 12900, et seq. (claim 1); "failure to engage in the interactive process and provide reasonable accommodation" in violation of the California Fair Employment and Housing Act ("FEHA") (claim 2); discrimination and failure to prevent discrimination, in violation of FEHA (claims 3 and 4); harassment and failure to prevent harassment, in violation of FEHA (claims 5 and 6); retaliation in violation of FEHA (claim 7); "wrongful termination in violation of public policy" (claim 8); failure to pay meal and rest period compensation, in violation of California Labor Code §§ 226.7, 512, 1194, 1197-1197.2, and 1198 (claim 9); failure timely to pay earned wages, in violation of California Labor Code § 204 (claim 10); failure to provide accurate wage statements, in violation of California Labor Code § 226 (claim 11); failure timely to pay wages earned upon separation of employment, in violation of California Labor Code §§ 201, 202, and 203 (claim 12); and violation of California Business and Professions Code §§ 17200, et seq. (claim 13).  See id.

On April 8, 2016, defendant removed this action to federal court on the grounds that plaintiff's state law claims arise from and require interpretation of a collective bargaining agreement ("CBA"), such that they are preempted by section 301(a) of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'   JS-6**

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq. Dkt. 1 (Notice of Removal).

On April 25, 2016, plaintiff filed a motion to remand this action to state court. Dkt. 12 ("Motion"). On May 2, 2016, defendant filed an opposition to the motion to remand. Dkt. 14 ("Opp'n"). On May 9, 2016, plaintiff filed a reply. Dkt. 17 ("Reply"). On May 23, 2016, the Court distributed a tentative order to the parties and held oral argument. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff Devin Stearns, who is an African-American male, was an employee of defendant Davis Wire Corporation before he was terminated on an unspecified date. Complaint at ¶ 7. In the instant action, plaintiff alleges that while he was employed by defendant, he was subjected to "a hostile work environment on the basis of [his] race/color through verbal harassment denigrating African American/Black individuals, slurs about race/color, assault, physical altercation, and visual harassment through written slurs about race/color in visible locations at the worksite." Id. at 13. Plaintiff avers that he lodged various complaints with defendant regarding the workplace environment, including complaints regarding (1) an incident in which plaintiff was assaulted by another Davis Wire employee, (2) workplace safety concerns regarding "a generally unsafe work environment" and "machines being a danger to employees," and (3) "discrimination and harassment on the basis of his race/color/ancestry/national origin . . . ." Id. at ¶¶ 10-11, 15.

According to the complaint, defendant terminated plaintiff's employment "in retaliation for his workplace safety and assault complaints," his "legally protected complaints about harassment and discrimination in violation of FEHA," as well as his "medical condition and disability and his exercise of his right to take medical leave." Id. at ¶¶ 9, 12, 16. Plaintiff further alleges that defendant violated various provisions of the California Labor Code by, inter alia, (1) failing to provide ten-minute rest breaks for each eight hours worked and thirty-minute meal periods for each five hours worked; (2) failing to pay labor code premiums for the required rest and meal periods that defendant did not provide; (3) failing to provide accurate wage statements; (4) failing to pay all of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                         **'O'  JS-6**

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

plaintiff's wages due twice each calendar month; and (5) failure to pay wages earned at the time of termination.  <u>Id.</u> at ¶¶ 17-21.

Defendant avers that plaintiff was represented as an employee by the International Brotherhood of Teamsters Union, Local 986 ("Union"), and that as a Union member, the terms and conditions of plaintiff's employment were governed by a comprehensive collective bargaining agreement between Davis Wire and the Union.  Washington Decl., at ¶ 2, Exh. A (CBA).  Defendant further states that in June 2014, plaintiff engaged with another employee in a physical altercation in the workplace.  <u>Id.</u> at ¶ 3.  Pursuant to the CBA, plaintiff submitted to a drug test after the altercation, which came back positive for marijuana.  <u>Id.</u> at Exh. B.  Defendant avers that it conducted an investigation into the matter and terminated plaintiff's employment for violating the company's workplace violence policy.  <u>Id.</u>  The Union and plaintiff then filed a grievance under the CBA contesting plaintiff's discharge.  Oravec Decl., at ¶ 3.  In plaintiff's grievance to the Union, he stated that the "drug screen was positive which I feel was false.  Wrongful termination."  <u>Id.</u> at Exh. C (Grievance).

According to defendant, the Union and plaintiff settled the grievance and the Union accepted defendant's decision to discharge plaintiff.  In defendant's view, because plaintiff "clearly invoked the grievance procedures of the CBA and chose to settle his grievance under CBA's grievance procedures of the CBA," plaintiff has effectively incorporated the CBA into the settlement agreement.  <u>Id.</u>  And because plaintiff and the Union purportedly "grieved [the] termination under the CBA," plaintiff "cannot now claim that the CBA is inapplicable."  Opp'n at 3.

## III.  LEGAL STANDARD

### A.     Removal based upon LMRA Section 301 Preemption

Title 28 U.S.C. § 1441(a) provides that a defendant may remove from state to federal court any civil action over which the district court would have had original jurisdiction.  Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "Federal jurisdiction exists only if the federal question appears on the face of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'  JS-6**

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

plaintiff's 'well-pleaded complaint.' "  <u>Milne Employees Ass'n v. Sun Carriers</u>, 960 F.2d 1401, 1406 (9th Cir. 1991) (quoting <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386 (1987)).

But "there is a corollary to the well-pleaded complaint rule under the 'complete preemption' doctrine, 'applied primarily under § 301 of the LMRA.' "  <u>Lopez v. Fox Television Animation, Inc.</u>, 76 Fed. App'x 769, 771 (9th Cir. 2003) (quoting <u>Balcorta v. Twentieth Century Fox Film Corp.</u>, 208 F.3d 1102, 1107 (9th Cir. 2000)).  Under this exception, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  <u>Caterpillar</u>, 482 U.S. at 393.  With respect to the propriety of removal based upon Section 301 preemption, the Ninth Circuit has explained that

> Plaintiffs cannot avoid removal by "artfully pleading" only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act. [Citation.]  Thus, *if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed.*

<u>Milne</u>, 960 F.2d at 1406 (emphasis added).

**B.     Motion for Remand**

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c).  In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  <u>See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo</u>, 2011 WL 662324, *1 (C.D.Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  <u>See Gaus v. Miles</u>, Inc., 980 F.2d 564, 566 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     **'O'  JS-6**

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|----------|-------------------------|------|--------------|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

Cir.1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir.1999).

## III.   DISCUSSION

### A.   The Scope of LMRA Section 301 Preemption

Under Section 301(a) of the Labor Management Relations Act, district courts have jurisdiction over claims arising from "violations of contracts between an employer and a labor organization representing employees in an industry."  29 U.S.C. § 185(a).  Federal substantive law preempts state law in an action arising under Section 301 in order to further the interest in uniform federal interpretation of collective bargaining agreements. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985) ("[D]imensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute [so that] issues raised in suits of a kind covered by § 301 [are] to be decided according to the precepts of federal labor policy.") (citing Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962)).  Accordingly, Section 301's preemptive force has been construed to cover most "state law actions that require interpretation of labor agreements."  Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1016 (9th Cir. 2000).

Where a right "exists solely as a result of the [collective bargaining agreement], then the claim is preempted," and the court's analysis ends there.  Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007) (citing Allis-Chalmers, 471 U.S. at 212).  However, if the right exists independently of the collective bargaining agreement, it may still be preempted if "it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.' "  Id. (citing Caterpillar, 482 U.S. at 394).  In general, if resolution of a state law claim requires an interpretation of the terms of a collective bargaining agreement, then the claim is substantially dependent upon the collective bargaining agreement and is therefore preempted under section 301.  Burnside, 491 F.3d at 1060; Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001) (en banc), cert. denied 534 U.S. 1078 (2002).  On the other hand, if the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of the state-law litigation" does not result in preemption. Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'  JS-6**

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
| --- | --- | --- | --- |
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

Indeed, despite the broad preemptive effect of Section 301, claims that seek to vindicate "*nonnegotiable state-law rights* . . . independent of any right established by contract" are not within the scope of Section 301 preemption. Allis-Chalmers, 471 U.S. at 213; see also Livadas, 512 U.S. at 123-24 ("[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law. . . . [I]t is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action may go forward" (citations omitted)).  "As a result, if a state law cannot be waived or modified by private contract, and if the rights it creates can be enforced without resort to the particular terms, express or implied, of a labor contract, § 301 does not preempt the claim for violation of the law." Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 951-52 (C.D. Cal. 2014) (Morrow, J.) (citing Miller v. AT&T Network Systems, 850 F.2d 543, 546 (9th Cir. 1988)).

Ultimately, therefore, "[t]he plaintiff's claim is the touchstone for [Section 301 preemption] analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691.  Specifically, the court must consider "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA.  If the latter, the claim is preempted; if the former, it is not." Burnside, 491 F.3d at 1060 (internal citations omitted) (alteration in original); see also Cramer, 255 F.3d at 691-92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.").

**B.     The Claims in the Instant Action**

In the instant action, plaintiff asserts thirteen individual claims that arise under California law.  Specifically, plaintiff asserts a claim for "wrongful termination in violation of public policy" (claim 8), as well as claims for alleged violations of the California Family Rights Act (claim 1), the California Fair Employment and Housing Act (claims 2 through 7), the California Labor Code (claims 9 through 12), and California's unfair competition law (claim 13).  Defendant removed plaintiff's action to federal court on the grounds that plaintiff's state law claims "exclusively arise from and require interpretation of a CBA" and are accordingly preempted by Section 301.  Notice of Removal, at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'   JS-6

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|----------|-------------------------|------|--------------|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

However, neither defendant's Notice of Removal nor its opposition to the instant motion makes clear which of plaintiff's thirteen claims are purportedly preempted by Section 301. Rather, defendant's Notice of Removal states more generally that plaintiff's "discharge claims" and "workplace safety claims" are governed by and require interpretation of a CBA, such that they are preempted by Section 301. Id. at 5.[1]  In opposition to the instant motion, defendant similarly argues that "plaintiff's claims and allegations that he was subjected to inferior terms and conditions of employment and discharged for allegedly making safety complaints arise from and require interpretation of the CBA." Opp'n at 5.

For reasons explained below, the Court finds that plaintiff's claims are not preempted by Section 301, such that this matter may appropriately be remanded to state court.

### 1.       Plaintiff's Claims Do Not Arise from the CBA

In opposition to the instant motion, defendant first argues in general terms that plaintiff "has put the entire CBA [between defendant and the Union] at the front and center of this lawsuit by claiming that he was not granted the terms and conditions of employment promised under the CBA." Opp'n at 5. Defendant further argues that "all of the terms and conditions of [p]laintiff's employment arise exclusively from a CBA that was negotiated between the [defendant] and the Union," such that plaintiff's "right to those terms and conditions of employment arise entirely from the CBA." Id.  In defendant's view, "[t]his alone requires a finding of preemption." Id.

Defendant's argument fundamentally misses the mark, as it misconstrues the nature of plaintiff's complaint and the claims asserted therein. In the operative complaint, plaintiff *does not* "claim[] that he was not granted the terms and conditions of employment *promised under the CBA*" (Opp'n at 5); rather, plaintiff asserts a series of claims that arise under California law and that exist independent of the particular terms of

_____

[1]  Defendant further argues in its Notice of Removal that the Court should exercise supplemental jurisdiction over the "remaining claims" in this action, pursuant to 28 U.S.C. sections 1367 and 1441(c).  Notice of Removal, at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'   JS-6

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

the CBA.[2] Of course, "[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law . . . [and] 'independent' of rights under the collective-bargaining agreement." Livadas, 512 U.S. at 123-24.

Despite defendant's contention to the contrary, plaintiff's complaint makes no reference to the CBA whatsoever, nor does it otherwise implicate rights that "exist[] solely as a result of the CBA." Burnside, 491 F.3d at 1059; see also Meyer v. Irwin Indus., Inc., 723 F. Supp. 2d 1237, 1243 (C.D. Cal. 2010) ("Plaintiff's claims arise wholly under state law. Indeed, plaintiff alleges only state law claims and expressly indicates that the CBA need not be referenced . . . Thus, § 301 preemption is clearly not implicated."); Davies v. Premier Chemicals, Inc., 50 Fed. App'x 811, 812 (9th Cir. 2002) ("Davies' state-law complaint does not refer to the CBA or allege a breach of contract. Rather, Davies alleges that Premier committed tortious discharge in violation of Nevada's public policy by firing him for refusing to work on a machine after safety locks had been removed and for refusing to operate a machine for which he had no training . . . Section 301 does not preempt claims to vindicate such nonnegotiable state law rights.)

### 2. Plaintiff's Claims are not Substantially Dependent upon Analysis of the CBA

Even if the rights upon which plaintiff's claims rest are nonnegotiable and exist independently of the CBA, these claims may still be preempted if their resolution is "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.' " Burnside, 491 F.3d at 1059 (citing Allis-Chalmers, 471 U.S. at 212). In opposition to the instant motion to remand, defendant appears to argue that plaintiff's eighth claim for "wrongful termination in violation of public policy" requires

---

[2] Specifically, plaintiff asserts thirteen individual claims under California law—i.e., a claim for "wrongful termination in violation of public policy (and not in violation of the terms of the CBA) (claim 8), as well as claims for alleged violations of the California Family Rights Act (claim 1), the California Fair Employment and Housing Act (claims 2 through 7), the California Labor Code (claims 9 through 12), and California's unfair competition law (claim 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        'O'  JS-6

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|----------|--------------------------|------|--------------|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

interpretation of the CBA and is therefore preempted by Section 301.[3]  For reasons

_____

[3]  The Court notes that defendant's arguments in support of removal do not appear to be premised upon plaintiff's twelve other claims asserted in this action (i.e., claims for violations of CFRA (claim 1), FEHA (claims 2 through 7), the California Labor Code (claims 9 through 12), and California's unfair competition law (claim 13)).  However, to the extent defendant contends that these claims are preempted by Section 301, the Court notes that courts generally find such claims not to be preempted.  For example, with respect to plaintiff's FEHA claims (i.e., claims 2 through 7), the Ninth Circuit has "consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301." Schrader v. Noll Mfg. Co., 91 Fed. App'x. 553, 555 (9th Cir. 2004) (citing Ackerman v. W. Elec. Co., 860 F.2d 1514, 1517 (9th Cir.1988) (finding no Section 301 preemption of FEHA disability discrimination claim because the right not to be discriminated against on account of one's physical handicap is "defined and enforced under state law without reference to the terms of any collective bargaining agreement"); see Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286–87 (9th Cir. 1989) (finding no Section 301 preemption of FEHA age discrimination claim because the statute creates a "mandatory and independent state right"); Cook v. Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir. 1990) (finding no Section 301 preemption of FEHA religious discrimination claim because "the right not to be discriminated against on the basis of religion cannot be removed by private contract"); see also Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748-49 (9th Cir. 1993) ("In every case in which we have considered an action brought under the California Employment Act, we have held that it is not preempted by section 301.").

Similarly, plaintiff's claims for violations of the California Labor Code (claims 9 through 12) exist independent of the CBA, arise wholly from California state law, and are not preempted by Section 301.  See Vasserman, 65 F. Supp. 3d at 960 (C.D. Cal. 2014) (claim for failure to pay meal and rest period compensation in violation of California Labor Code §§ 226.7 is not preempted by Section 301 because "[m]eal periods are a non-negotiable right under state law"); id. at 953 (claim for failure to provide overtime compensation in violation of California Labor Code § 204 is not preempted by Section 301); Avalos v. Foster Poultry Farms, 798 F. Supp. 2d 1156, 1162 (E.D. Cal. 2011)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL            'O'  JS-6

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

explained below, the Court disagrees and accordingly concludes that this matter is
appropriately remanded to state court.

### a.    Wrongful Termination in Violation of Public Policy (claim 8)

The Ninth Circuit has explained that "[a] claim that a discharge violates public
policy 'is preempted [by Section 301] . . . if it is not based on any genuine state public
policy, or if it is bound up with interpretation of the collective bargaining agreement and
furthers no state policy independent of the employment relationship.' " Jackson v. S.
California Gas Co., 881 F.2d 638, 643-44 (9th Cir. 1989) (quoting Young v. Anthony's
Fish Grottos, Inc., 830 F.2d 993, 1002 (9th Cir. 1987) (citations omitted). On the other
hand, "a claim is not preempted if it poses no significant threat to the collective
bargaining process and furthers a state interest in protecting the public transcending the
employment relationship." Young, 830 F.2d at 1001.

Thus, for example, the Ninth Circuit in Paige v. Henry J. Kaiser Company found
plaintiff's claim for wrongful discharge *not* to be preempted where it was premised upon
violations of California state statutes and public policy:

> A private right of action for wrongful discharge due to safety
> complaints co-exists with the Cal/OSHA remedial scheme.
> [Citation.] California's OSHA regulations protect all workers,
> irrespective of any labor agreement. State health and safety
> standards benefit all employees as individual workers, not
> because they are or are not members of a collective bargaining
> association. And California's interest in providing this private
> cause of action is the enforcement of the underlying statute or

(claim for failure to provide accurate wage statements in violation of California Labor
Code § 226 is not preempted by Section 301); id. (claim for failure timely to pay wages
earned upon separation of employment in violation of California Labor Code §§ 201,
202, and 203 is not preempted by Section 301).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'  JS-6

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|----------|-------------------------|------|--------------|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

> policy, not to regulate the employment relationship. [Citation.] .
> . . Thus the tort of wrongful discharge in violation of public
> policy exists independent of any contractual right . . . The
> resolution of [plaintiff's] wrongful discharge claim therefore
> depends upon an analysis of Cal/OSHA and California tort law.
> Since it is not intertwined or substantially dependent upon
> consideration of the terms of the labor contract, it is not
> preempted by section 301.

826 F.2d 857, 863 (9th Cir. 1987); c.f. Romero v. San Pedro Forklift, Inc., 266 F. App'x
552, 555 (9th Cir. 2008) ("This Court long ago recognized that Section 301 does not
preempt the California tort of wrongful discharge.") (citing Paige, 826 F.2d at 863).

Similarly, in Jackson v. Southern California Gas Company, the Ninth Circuit held
that a district court erred in finding plaintiff's claim for wrongful discharge in violation
of public policy to be preempted where plaintiff alleged that the "wrongful termination
violate[d] [California's] public policy against racial discrimination." 881 F.2d at 643-44.
As the Court explained, "[t]here is little doubt that California has adopted a public policy
against discrimination in the work place," and "enforcement of the state discrimination
statutes would not require interpretation of any of the provisions of the collective
bargaining agreement." Id. at 644. Accordingly, plaintiff's claim for wrongful discharge
in violation of California's public policy against racial discrimination was not preempted.
Id.

In the instant action, plaintiff alleges that defendant terminated his employment (1)
"on the basis of his race," and (2) in retaliation for "his workplace safety and assault
complaints" and "his legally protected complaints about harassment and discrimination in
violation of FEHA."[4] Complaint at ¶¶ 70, 74-75. Plaintiff avers that termination under

---

[4] Plaintiff alleges that prior to his termination, he "made safety complaints
concerning [d]efendant's machines being a danger to employees and a generally unsafe
work environment," and further that he "complained to [d]efendant about [d]efendant's
employee assaulting [p]laintiff through a physical altercation." Complaint at ¶¶ 68-69.
Plaintiff further alleges that "[d]efendant[] subjected [p]laintiff to a hostile work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'   JS-6

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

such circumstances and on such grounds was "wrongful and in contravention of FEHA, CFRA, Labor Code [sections] 6310, 1102.5," as well as the California Court of Appeal's ruling in Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 178 (1980) (holding that "an employer may not coerce compliance with . . . unlawful directions by discharging an employee who refuses to follow such . . . order[s]").

    In opposition to the instant motion, defendant argues that plaintiff's claim for wrongful discharge in violation of public policy is preempted by Section 301. According to defendant, plaintiff's wrongful discharge claim is "unquestionably governed by and require[s] interpretation of the CBA because [p]laintiff and the Union settled [p]laintiff's discharge grievance," such that resolution of plaintiff's discharge claim is "inextricably intertwined" with the terms of the CBA. Opp'n at 8. Specifically, defendant argues that in order to adjudicate the wrongful discharge claim, the Court "will be required" to interpret various provisions of the CBA, including provisions outlining (1) the definition of what constitutes "sufficient and proper cause" to discharge plaintiff; (2) defendant's "work rules"; (3) the meaning of the word "settled" under the CBA, so as to determine whether plaintiff may "re-open grievances that have been settled" pursuant to the CBA's grievance procedure; and (4) plaintiff's rights with regard to drug testing, "including the ability and process for alleging positive drug tests." Opp'n at 8.

    At bottom, defendant's argument is that the Court may be required to interpret the CBA and the settlement agreement in assessing the merits of a *defense* to plaintiff's claim for wrongful discharge. However, the Ninth Circuit has routinely held that Section 301 cannot be asserted defensively in order to trigger preemption. Specifically, an en banc panel of the Ninth Circuit held in Cramer that for a claim to be preempted by section 301, "the need to interpret the CBA must inhere *in the nature of [the] claim*" itself. 255 F.3d at 691. "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Id.; see also Humble, 305 F.3d at 1008 ("As explained in Cramer, the plaintiff's claim is the

_____

environment on the basis of race/color through verbal harassment denigrating African American/Black individuals, slurs about race/color, assault, physical altercation, and visual harassment through written slurs about race/color in visible locations at the worksite." Id. at ¶ 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'   JS-6

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

touchstone for the preemption analysis, and 'the need to interpret the CBA must inhere in the nature of the plaintiff's claim' to trigger preemption. . . . *[D]efensive reliance on the terms of the CBA*, mere consultation of the CBA's terms, or speculative reliance on the CBA will not suffice to preempt a state law claim." (emphasis added)); Sprewell v. Golden State Warriors, 266 F.3d 979, 991 (9th Cir. 2001) (defensive reliance on CBA terms is insufficient to trigger preemption).

Again, plaintiff's claim for wrongful discharge in violation of public policy alleges that defendant terminated his employment "on the basis of his race" and in retaliation for complaints that he made regarding both "workplace safety and assault," and "harassment and discrimination in violation of FEHA."  Complaint at ¶¶ 70, 74-75.  Among other things, plaintiff alleges that defendant's discharge violated California Labor Code section 6310, which bars discharge of employees based upon the lodging of certain workplace safety or health complaints.  See Cal. Lab. Code § 6310(a)-(d).  Accordingly, plaintiff's wrongful discharge claim is clearly "based on a[] genuine state public policy," Jackson, 881 F.2d at 643-44, and its adjudication "poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship," Young, 830 F.2d at 1001.

In other words, plaintiff's wrongful discharge claim is not premised upon rights exclusively governed by the CBA, but rather upon genuine state public policy.  Thus, even a finding by the Court that defendant had "sufficient and proper cause" *under the CBA* to discharge plaintiff would have little bearing on whether any such discharge nonetheless violated California public policy proscribing termination on certain prohibited grounds.  C.f. Humble, 305 F.3d at 1011 ("[Defendant] argues that when it offers a non-discriminatory justification for its conduct by relying on authorizing CBA provisions, that suffices to trigger preemption of [plaintiff's] reasonable accommodation claim.  This argument is unavailing after Cramer, which held that reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption.").  The relevant inquiry is whether defendant's discharge violated a genuine public policy, *regardless* of whether it may have complied with the terms of the CBA.[5]

---

[5]  In a footnote, defendant rightfully notes that FEHA claims and claims for wrongful discharge in violation of public policy may be preempted by Section 301 where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

Similarly, even if the Court were to conclude, as defendant insists, that in bringing the instant lawsuit plaintiff breached the settlement agreement that purportedly arose from

---

adjudication of the claim itself requires the Court to interpret the terms of a CBA.  Opp'n at 7 n.2.  However, in the cases which defendant cites, plaintiff's claims were generally preempted because the claims themselves (and not merely *defendant's defenses*) depended upon establishing a violation of a collective bargaining agreement or settlement agreement.  C.f. Guidry v. Marine Eng'rs. Beneficial Ass'n., 2007 WL 707511, at *4 (N.D.Cal. Mar. 6, 2007) (Breyer, J.) ("[S]tate-law claims are preempted only when the resolution of an allegation of discrimination *itself* hinges on the interpretation of a labor contract.") (emphasis in original).  For example, defendant cites Madison v. Motion Picture Set Painters and Sign Writers Local 729, 132 F.Supp.2d 1244 (C.D. Cal. 2000) (Morrow, J.), wherein the plaintiff sued his union claiming that it had discriminated against him in the manner in which it had handled a grievance procedure set forth under the terms of a CBA.  For the court in Madison to determine whether the plaintiff had been discriminated against, the Court was therefore required to determine (1) what the CBA's grievance procedures were and (2) whether those procedures had been applied to plaintiff in a manner that differed from any other employees.  Similarly, in Audette v. Longshoremen's and Warehousemen's Union, 195 F.3d 1107 (9th Cir. 1999), the Ninth Circuit held that a plaintiff's state-law discrimination claim was preempted by Section 301.  However, unlike the plaintiff in this action, the plaintiff in Audette claimed that the defendants discriminated against him by *failing to comply with a settlement agreement* that had expressly incorporated the terms of an underlying CBA, such that interpretation of the CBA was necessary to resolution of the claim itself.  Id. at 1112; see also Padilla v. Pac. Bell Tel. Co., 2015 WL 728695, at *3 (C.D.Cal. Feb 19, 2015) (Pregerson, J.) (distinguishing Audette "both because it applies Washington rather than California law and because the discrimination alleged in that case was in the context of enforcing a settlement agreement that relied on an underlying CBA to define its terms and provide for enforcement") (citations omitted).  Again, plaintiff's claim here for wrongful discharge in violation of public policy is unrelated to the particulars of defendant's handling of the CBA's grievance procedure or the settlement agreement that arose therefrom.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'  JS-6**

| Case No. | 2:16-cv-02401-CAS(MRWx) | Date | May 23, 2016 |
|---|---|---|---|
| Title | DEVIN STEARNS v. DAVIS WIRE CORPORATION | | |

the CBA grievance procedure, any such finding would not provide grounds for preemption of plaintiff's wrongful discharge claim.[6]

Having determined that plaintiff's claims in this action are not, as currently pled, preempted by Section 301—and because there is no alternative basis for this court to exercise jurisdiction—the Court concludes that this matter is appropriately remanded to state court for further proceedings.

## IV.    CONCLUSION

In accordance with the foregoing, the Court **REMANDS** this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  | 00 | : | 10 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |

---

[6]    While it is true that resolution of a claim premised upon an alleged violation of the grievance settlement would likely require interpretation of the CBA, no such claim is at issue in this action.  Again, to the extent defendant seeks to rely upon the settlement agreement in asserting a defense, any such reliance does not provide grounds for Section 301 preemption and removal of this action to federal court.